*538 OPINION of the Court, by
Ch. J. Boyle.
On of May, 1795, James Wilson and William Warren executed their bond to John Crow, for two hundred and seventy pounds, conditioned to pay one hundred and thirty five pounds in cattle, between the fOth and 20th of October, 1796 ; and on the 19th of May, 1795, Crow assigned the bond to William Ford, some years afterwards Ford’s executor brought suit upon the bond, in the names of Crow’s administrators, but for his benefit, and recovered judgment against WilsQu’s administratrix. To stay proceedings upon that judgment, she filed her bill, alleging that one moiety of the amount due by the bond was paid by War-rerj5 as she had beeninformed, and that Peter Casey be-indebted to her intestate in a large sum of money. *539 paid the amount of the other moiety to Ford, who received it in discharge of the said bond. She also states that she expected to make her defence at law, and when the cause was called, her counsel offered to file several special pleas, but that the pleas were objected to by the counsel for Ford’s executor, and the court sus, tained the objection, giving it as their opinion that the matters contained in her pleas, were only cognizable in a court of chancery. Ford’s executor in his answer admits the payment of one moiety of the bond by Warren, but denies that any payment was made by Casey, or any one else, for Wilson, in discharge of the residue of the bond ; and insists that the matters now urged in discharge of the bond might have been plead at law, where they are alone cognizable, and not having been taken advantage of on the trial at law, cannot be availing in a court of equity. Qne of Crow’s administrators filed his answer, in which he admits in general the truth of the complainant’s bill, and states his belief that Wilson had in some way discharged the bond. On a final hearing, the circuit court decreed that the judgment at law should be perpetually injoined, and that the defendants should pay to the complainant her costs, as well in the suit at law, as in chancery ; from that decree this appeal has been prosecuted.
pro-ptrty bond not th'n affignabis endorfee accep-mmey ⅛ ?af-; terwa’rds pro-fecuted a (⅛⅛ °f tho payment’ of tfee money ⅛ an,«« £Tdéfence *’
Perpetual ⅛-junction againit with cofts si law &⅛<⅜»⅝ cery'
The evidence very satisfactorily proves the payment of the money by Casey to Ford, on Wilson’s account, and that Ford received it in discharge of the amount that was due on the bond. So that the only point Which deserves particular consideration, respects the propriety of resorting to a court of equity for relief, un-, der the circumstances of this case. If the defence,set up by the complainant against the bond were purely a legal one, and no sufficient reason were shewn for not havingmr.de it at law, it would be improper fora court of equity to interfere. But such dpes not appear to he the case here. The complainant could have availed herself at law, of the matter which she now urges in discharge of the bond, only as a performance of the condition, or by way of accord and satisfaction. But it is evident that a payment of money was not a performance of the condition of the bond, and that evidence of such payment would have been inadmissible, under the plea ■sf covenants performed ⅞ it seems equally clear, that *540 the payment made in this case would have been ut ví ”'ng by way of accord and satisfaction. When tne ob. , ation in this case was assigned to Ford, bonds for property were not assignable by law, and the assignment could give Ford no right to an action for the breach of the condition. The legal right to the damages for the eon performance of the condition, was notwithstanding the assignment vested in the original obligee, or his representatives ; an accord made with Ford could not therefore operate as a legal discharge of those damages.
But were the matter which is set up in discharge of the bond, such as would have constituted a good de-fence at law, the reason shewn by the complainant for not having availed herself of it in the action at law, we would think sufficient to entitle her to the aid of a court of equity. The bill alleges, that the complainant by her counsel offered to plead to the action at law, but it was opposed by the counsel on the part of her adversary, and that the court adjudged the pleas offered by her counsel to be insufficient, as the matter they contained was proper only to be inquired into in a court of equity. This statement is not denied by the answer, and is supported by one witness, who was one of the counsel m the cause. The point then having been decided between the parties ought to be conclusive ; more especially ought Ford’s executor to be bound by the judgment upon this question, since it was given at his instance. It would indeed be the most flagrant injustice, if the court were now to sustain the objection, that the defence ought to have been made at latv, when it is apparent that it was not made there, because it was opposed upon the ground that it was peculiarly cognizable in a court of equity.
The decree for the costs at law, as well as for the costs in chancery, we think correct. In equity and good conscience, nothing was due upon the bond, and no suit ought to have been brought on it; and it being doubtful, (as it appears it was) in the opinion of the complainant’s counsel, whether her defence ought to have been made at law or in equity, she ought not to he subject to the inconvenience of losing the costs incurred in attempting to make it in the suit at law, which was iniquitousiy itrought against her.
'I T-tlecree mu it be affirmed, with costs,